UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GEORGE CROCKETT                          CIVIL ACTION

VERSUS                                   NO. 13-0024

JAMES LEBLANC, SECRETARY                 SECTION "A"(5)
LOUISIANA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. §2254(e)(2).[1]  For the following reasons, it is recommended that

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

I.  <u>STATE COURT PROCEDURAL BACKGROUND</u>

The petitioner, George Crockett, is incarcerated in the Concordia Parish Work Release in Vidalia, Louisiana.  On May 13, 2009, Crockett was charged by bill of information with distribution of cocaine in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.[2]  On June 24, 2010, Crockett entered a plea of guilty and was sentenced to serve seven years in prison with the first two years to be served without benefit of parole, probation or suspension of sentence.  The trial court specified that Crockett would be given credit for time served and his sentence would run concurrently with all other sentences.[3]  Crockett's conviction became final 30 days later, on July 26, 2010,[4] because he did not seek rehearing or file for review in the Louisiana Fifth Circuit Court of Appeal.  <u>Butler v. Cain</u>, 533 F.3d 314 (5th Cir. 2008) (citing <u>Roberts v. Cockrell</u>, 319 F.3d 690,

---

[2]St. Rec. Vol. 1 of 3, Tab 1.

[3]St. Rec. Vol. 1, Tabs 2, 3, 9.

[4]The last day fell on Saturday, July 24, 2010.  Therefore, the finality date is the next business day, Monday, July 26, 2010. Fed.R.Civ.P. 6(a)(1)(C) (weekends are not included in the calculation of period when it would be the last day of the period); La.Code Crim P. art. 13 (weekends are not included in the calculation of period when it would be the last day of the period).

694-95 (5the Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)).

On September 13, 2010, Crockett sought administrative relief from the Louisiana Department of Public Safety and Corrections ("DOC"), complaining that he was not receiving credit for the time he served for a conviction prior to his June 24, 2010 conviction arising out of Jefferson Parish. On October 10, 2010, the DOC denied Crockett relief, providing that there was no specification from Jefferson Parish that he should receive credit for the time he served in connection with an earlier conviction.[5]

On December 13, 2010, Crockett filed a motion to specify sentence with the state district court. In his motion, Crockett complained that the DOC was miscalculating the length of his sentence because the trial court, in imposing his sentence, failed to specify that his sentence would run concurrently with a prior conviction for First Degree Robbery and he would receive credit for the time he served in connection with his First Degree Robbery conviction.[6] On January 3, 2011, the state district court denied Crockett's motion. The court acknowledged that it did not specify that Crockett's distribution of cocaine sentence and his first

---

[5]St. Rec. Vol. 1 of 3, tabs 7 and 8.

[6]St. Rec. Vol. 1, tab 4.

3

degree robbery sentence were to run concurrently.  The court stated that in the absence of such a specification, Crockett's sentences for the two convictions should be served consecutively.[7]  On February 9, 2011, Crockett filed a writ application with the Louisiana Fifth Circuit Court of Appeal complaining that the trial court erred in not specifying that the two sentences should run concurrently and he should receive credit for the time served in connection with his prior conviction.  Crockett charged that as a result of the trial court's error, the DOC was miscalculating the amount of jail credit to which he was entitled.[8]  On May 10, 2011, the Louisiana Fifth Circuit denied Crockett's writ application, finding that pursuant to LSA-R.S 15:571.15, "the proper venue for relator's claim is East Baton Rouge Parish."[9]  Crockett did not seek relief from the Louisiana Supreme Court.

On or about October 21, 2011,[10] Crockett filed with the state district court a motion to clarify, modify and correct an illegal sentence, again complaining that the DOC was miscalculating his sentence by not giving him the proper amount of credit for the time

---

[7]St. Rec. Vol. 1, tab 5.

[8]St. Rec. Vol. 2 of 3, tab 13.

[9]State v. Crockett, No. 2011-KH-0353 (La. App. 5th Cir. 5/10/11); St. Rec. Vol. 2 of 3, tab 12.

[10]October 21, 2011 represents the file-stamped date on Crockett's pleading.  There is no signature date.

4

he served in connection with his prior first degree robbery conviction.[11]   On November 16, 2011, the district court denied Crockett's motion specifying that before seeking judicial relief in connection with the DOC's alleged miscalculation, he must proceed through the "Corrections Administrative Remedy Procedures (CARP)." The court further advised that the proper venue for a subsequent judicial challenge is "in East Baton Rouge Parish."[12] Crockett did not seek judicial relief in connection with the district court order but did seek administrative relief from the DOC.  Attached as exhibit 3 (rec. doc. 3, p. 23) to Crockett's supporting memorandum is a copy of the DOC's January 31, 2012 second step response to Crockett's January 6, 2012 request for administrative relief.  The DOC denied Crockett relief, providing: "Although your sentences are concurrent, this does not necessarily mean they all begin or end at the same time nor does it mean the jail credit will be combined. Your release dates are found to be correct and will not be amended in this instance."

II.  FEDERAL HABEAS PETITION

On December 11, 2012, Crockett filed the instant petition complaining that the DOC is miscalculating his sentence due to the DOC's failure to give him credit for *all* the time he has served,

---

[11]St. Rec. Vol. 1 of 3, tab 10.

[12]St. Rec. Vol. 1 of 3, tab 11.

including the time he served on his prior first degree robbery conviction.

The State filed a response in opposition to Crockett's petition, arguing that the instant action is untimely and that Crockett has failed to exhaust state court remedies.[13]

Crockett filed a pleading entitled "Objection,"[14] in which he essentially reiterates the arguments raised in his original petition.   However he did not attempt to refute the State's arguments pertaining to timeliness or non-exhaustion.

III. <u>GENERAL STANDARDS OF REVIEW</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[15] and applies to habeas petitions filed after that date.  <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998) (citing <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Crockett's petition.

---

[13]Rec. Doc. No. 11.

[14]Rec. Doc. No. 12.

[15]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. <u>United States v. Sherrod</u>, 964 F.2d 1501, 1505 (5th Cir. 1992).

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). In this case, the State alleges that Crockett's petition is not timely filed and that he has failed to exhaust his state court remedies, having failed to raise his challenge to his sentence computation to the Louisiana Supreme Court.

IV. <u>EXHAUSTION OF STATE REQUIRED REMEDIES</u>

"A fundamental prerequisite to federal habeas relief under §2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriquez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest

state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971))(emphasis added).  "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); accord Duncan v. Walker, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the 'fairly presented' requirement."  Whitehead, 157 F.3d at 387 (citing Picard, 404 U.S. at 275-78).  "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application."  Id. (citing Nobles, 127 F.3d at 420). It is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the Louisiana Supreme Court.  Baldwin v. Reese, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

Thus, to have exhausted his claim in the state courts, Crockett must have fairly presented the same claim and legal theory he urges in this federal court to the state courts through the

8

Louisiana Supreme Court in a procedurally proper manner and have given that court and the lower state courts an opportunity to address his claim.

The record reflects that Crockett has sought relief in the district court and Louisiana Fourth Circuit Court of Appeal, but has not sought relief from the Louisiana Supreme Court. The State has submitted a letter verified by a deputy clerk of the Louisiana Supreme Court indicating that Crockett has not filed any related writ applications with that court.[16]

In addition, Crockett has failed to exhaust administrative review of his claim under the state's Corrections Administrative Remedy Procedure ("CARP"), La. Rev. Stat. Ann. § 15:1171 et seq., and the subsequent supervisory review of that procedure by the state courts pursuant to La. Rev. Stat. Ann. §15:571.15. Under the CARP procedures, an inmate must utilize the administrative procedure established by the DOC, or any facility in which he his housed, to resolve any claims related to his confinement, including time computations. La. Rev. Stat. Ann. § 15:1171(B). Upon completion of the administrative process, an inmate may seek judicial review by filing suit in the appropriate state district court. La. Rev. Stat. Ann. § 15:1177. La. Rev. Stat. Ann. § 15:571.15 requires that any such suit against the DOC challenging

_____

[16]St. Rec. Vol. 3 of 3.

9

the computation of an inmate's sentence or discharge date must be brought in the 19th Judicial District Court in East Baton Rouge Parish.

There is no indication in the records before this court that Crockett proceeded to the 19th Judicial District and, thereafter, to the Louisiana First Circuit or the Louisiana Supreme Court.

Although Crockett has failed to exhaust his state court remedies, it is not necessary that the petition be dismissed without prejudice on that ground.  Because Crockett's federal habeas petition is untimely, it should be dismissed with prejudice as time-barred.

V.   STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final or from the discovery of the factual predicate for his claim, whichever is later.[17]  Duncan v. Walker, 533 U.S. 167, 179 (2001).

_____

[17]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

A.  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

10

Crockett's conviction became final on July 26, 2010.  However, in a state court pleading Crockett states that he was aware of the alleged sentence computation error, which forms the basis of his federal habeas claim, on July 12, 2010.[18]  Providing Crockett every benefit of the doubt, the Court will consider the later date the applicable date for calculating the timeliness of his petition.

Therefore, under a literal application of the statute, Crockett had until July 26, 2011, to file his federal habeas corpus petition, which he did not do.  His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

A. EQUITABLE TOLLING

---

the applicant was prevented from filing by such State actions;
C.  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D.  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. §2244(d).

[18]St. Rec. Vol. 2 of 2,  p. 4.

11

First, the United States Supreme Court has held that the one-year period of limitations in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir.1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir.1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir.1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 125 S.Ct. at 1814-15; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir.2002).

Crockett has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and the Court's review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions. See United States v. Wynn, 292 F.3d 226 (5th Cir.2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support

equitable tolling."); <u>Fisher</u>, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); <u>Cantu-Tzin</u>, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); <u>Davis</u>, 158 F.3d at 808 n. 2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

B.  <u>STATUTORY TOLLING</u>

In addition to equitable tolling, however, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. <u>Flanagan</u>, 154 F.3d at 199 n. 1. The Supreme Court has clearly described this provision as a tolling statute. <u>Duncan</u>, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n. 1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F.Supp.2d 771, 771-72 (D.Md.1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 125 S.Ct. at 1812 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of §2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n. 4 (5th Cir.2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir.1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir.2000). The

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in

14

continuance.'"   Carey v. Saffold, 536 U.S. 214, 219-20 (2002);
Williams, 217 F.3d at 310 (a matter is "pending" for Section
2244(d)(2) purposes until "'further appellate review [is]
unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to
state court proceedings challenging the pertinent judgment
subsequently challenged in the federal habeas petition. Dillworth
v. Johnson, 215 F.3d 497, 501 (5th Cir.2000) (state habeas petition
challenging a prior conviction in one county was other collateral
review even though filed as a challenge to a second conviction in
a different county); Nara v. Frank, 2001 WL 995164, slip opinion at
*5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is
"other collateral review").   A "pertinent judgment or claim"
requires that the state filings for which tolling is sought must
have challenged the same conviction being challenged in the federal
habeas corpus petition and must have addressed the same substantive
claims now being raised in the federal habeas corpus petition.
Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir.2005).

As stated above, July 26, 2010, is the latest possible
commencement date for Crockett's one-year filing period.   On
September 13, 2010, Crockett sought administrative relief. At that
point, 48 days of Crockett's one-year statute of limitations had
expired. See Mahogany v. Stalder, 2007 WL 2815628 (E.D. La. Sept.

15

24, 2007) (prescription tolled when petitioner filed administrative grievance complaint).   Crockett's administrative proceeding was pending until October 10, 2010, when Crockett was denied relief. Prescription once again commenced to run, running for 63 days until, on December 13, 2010, Crockett filed a motion to specify sentence with the state district court.   The state district court denied relief on January 3, 2011.   Under Louisiana Court of Appeal Rule 4-3,[19] Crockett had 30 days, until February 2, 2011, to seek relief from the Louisiana Fifth Circuit Court of Appeal.   Crockett did not file his writ application until February 9, 2011, thereby allowing six more days to expire.   See Melancon v. Kaylo, 259 F.3d 401, 404-06 (5th Cir. 2001) (writ application is not pending, and therefore does not toll prescription, between the date the writ is due and the date it is filed).   On May 10, 2011, the Louisiana Fifth Circuit denied Crockett's writ application.   Crockett did not seek relief from the Louisiana Supreme Court and, therefore, prescription once again commenced to run on June 9, 2011, his deadline for filing a writ application with the state high court.[20]

---

[19]Rule 4-3 provides, in pertinent part:
When an application for writs is sought to review the actions of a trial court, the trial court shall fix a reasonable time within which the application shall be filed in the appellate court, not to exceed thirty days from the date of the ruling at issue.   [Emphasis added.]

[20]Louisiana Supreme Court Rule X, Section 5(a) provides, in pertinent part:   An application seeking to review a judgment of the

16

Crockett did not again toll prescription until October 21, 2011, when he filed with the state district court a motion to correct an illegal sentence.  At that point, another 133 days had expired.  On November 16, 2011, the district court denied Crockett's motion.  Again, Crockett did not, within 30 days, timely seek relief from the Louisiana Fifth Circuit.  Thus, on December 16, 2011, prescription commenced to run.  Not until January 6, 2012, after 20 more days had expired, did Crockett toll prescription by filing a request for administrative relief.  Crockett's request for administrative relief was denied January 31, 2012.  Crockett did not file the instant action until December 11, 2012, 313 days later, long after his statute of limitations had expired.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the petition of George Crockett for issuance of a writ of habeas corpus under 28 U.S.C. §2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of

---

court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs . . . . , or after a denial of an application, shall be made within <u>thirty days</u> of the mailing of the notice of the original judgment of the court of appeal . . . .  [Emphasis added.]

plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[21]

New Orleans, Louisiana, this <u>11th</u> day of _____<u>July</u>_____, 2013.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

---

[21]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

18